James G. Damon, Esq. (SBN 115781)
VOSS, COOK & THEL LLP
895 Dove Street, Suite 450
Newport Beach, California 92660-2998
(949) 435-0225
(949) 435-0226 (Fax)
jdamon@vctlaw.com

Attorneys for Defendant Howard W. Martyn, erroneously
sued herein as Howard W. Martyn, individually and d/b/a
All Pro Pizza

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | CASE NO. EDCV11-0681-WDK(FMOx) |
| Plaintiff, | ANSWER TO COMPLAINT |
| vs. | DEMAND FOR JURY TRIAL |
| HENRY R. CLARK A/K/A HENRY R. CLARK JR. AND HOWARD W. MARTYN, INDIVIDUALLY and d/b/a ALL PRO PIZZA, INC., an unknown business entity d/b/a ALL PRO PIZZA | |
| Defendants. | |

COMES NOW, Defendant HOWARD W. MARTYN, and answers the averments in Plaintiff's Complaint as follows:

1.   In response to paragraph 1, Defendant HOWARD W. MARTYN (hereinafter "Defendant") is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies all allegations in paragraph 1 of the Complaint.

2.   In response to paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies all allegations in paragraph 2 of the Complaint.

3.   In response to paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies all allegations in paragraph 3 of the Complaint.

4.   In response to paragraph 4 of the Complaint, Defendant admits that Defendant resides within the State of California but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies all other allegations in paragraph 4 of the Complaint.

5.   In response to paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies all allegations in paragraph 1 of the Complaint.

6.   In response to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

7.   In response to paragraph 7 of the Complaint,

1  Defendant denies each and every allegation contained
2  therein.

3      8. In response to paragraph 8 of the Complaint,
4  Defendant admits that as of May 1, 2010, Defendant was
5  president of All Pro Pizza, Inc., a California
6  corporation, with its principal place of business as
7  74990 Country Club Drive, Suite 330, Palm Desert,
8  California 92260 but Defendant denies each and every
9  other allegation contained therein.

10      9. In response to paragraph 9 of the Complaint,
11  Defendant admits that All Pro Pizza, Inc. is the
12  licensed operator of the restaurant located at 74990
13  Country Club Drive, Suite 330, Palm Desert, California
14  92260 but Defendant denies all other allegations
15  contained therein.

16      10. In response to paragraph 10 of the Complaint,
17  Defendant incorporates by reference Defendant's
18  responses to paragraphs 1 through 8, inclusive, as
19  though set forth herein.

20      11. In response to paragraph 11 of the Complaint,
21  Defendant is without sufficient knowledge or
22  information to form a belief as to the truth of the
23  allegations contained in that paragraph, and on that
24  basis denies each and every allegation contained
25  therein.

26      12. In response to paragraph 12 of the Complaint,
27  Defendant is without sufficient knowledge or
28  information to form a belief as to the truth of the

allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Defendant denies all of the allegations in paragraph 14.

15. In response to paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

14 (sic).       In response to paragraph 14 (sic) of the Complaint, Defendant admits that 47 U.S.C. section 605 addresses unauthorized publication or use of communications but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every other allegation contained therein.

15 (sic).       In response to paragraph 15 (sic) of the Complaint, Defendant denies each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Defendant denies each and every allegation contained

1    therein.

2        17. In response to paragraph 17 of the Complaint,
3    Defendant denies each and every allegation contained
4    therein.

5        18. In response to paragraph 18 of the Complaint,
6    Defendant incorporates by reference Defendant's
7    responses to paragraphs 1 through 17 herein.

8        19. In response to paragraph 19 of the Complaint,
9    Defendant denies each and every allegation contained
10   therein.

11       20. In response to paragraph 20 of the Complaint,
12   Defendant denies each and every allegation contained
13   therein.

14       21. In response to paragraph 21 of the Complaint,
15   Defendant denies each and every allegation contained
16   therein.

17       22. In response to paragraph 22 of the Complaint,
18   Defendant denies each and every allegation contained
19   therein.

20       23. In response to paragraph 23 of the Complaint,
21   Defendant incorporates by reference Defendant's
22   responses to paragraphs 1 through 22 herein.

23       24. In response to paragraph 24 of the Complaint,
24   Defendant denies the allegations in paragraph 24 of the
25   Complaint.

26       25. In response to paragraph 25 of the Complaint,
27   Defendant denies the allegations contained in paragraph
28   25 of the Complaint.

ANSWER TO COMPLAINT

26. In response to paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 26 herein.

28. In response to paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations in paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint,

Defendant denies each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

37 (sic).        In response to paragraph 37 (sic) of the Complaint, Defendant denies each and every allegation contained therein.

In further response to Plaintiff's Complaint, Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action therein, fails to state a claim for relief.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the Complaint and each and every cause of action therein.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to join an indispensable party under Rule 19.

**FOURTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over this answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff is estopped from claiming that it

incurred damages due to Defendant's acts as alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action therein, is barred by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff has waived its right to recover any damages for the acts complaint of by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action therein, is barred by laches.

**NINTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to take reasonable steps to mitigate its damages, if an, which damages this answering Defendant expressly denies.

**TENTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and thereon alleges, that the Complaint herein, and each and every cause of action, wholly or partially barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant was excused from any and all liability under the facts alleged in Plaintiff's claim for relief because at all material times this answering Defendant acted in good faith and conducted all material transactions in good faith.

ANSWER TO COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff consented to the alleged actions, if any, which occurred and is thereby barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and thereon alleges, that the alleged injuries and damages of Plaintiff, if any, were caused in whole or in part by the unauthorized actions of other persons or entities.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to allege that the communications at issue were included in a communications service offered over a cable system as required by 47 U.S.C. §553 and a non-cable provider cannot be a "person aggrieved," entitled to bring suit under that section. Additionally, Plaintiff lacks standing.

///
///
///
///
///
///
///
///
///
///
///
///

ANSWER TO COMPLAINT

WHEREFORE, this answering Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by way of its Complaint;

2.   For reasonable attorneys' fees;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as this Court may deem just and proper.

DATED: September 27, 2011 VOSS, COOK & THEL LLP


By: /S/ James G. Damon
James G. Damon, Esq.
Attorneys for Defendant
HOWARD W. MARTYN
erroneously sued herein
as Howard W. Martyn,
individually and d/b/a
All Pro Pizza

**DEMAND FOR JURY TRIAL**

Defendant HOWARD W. MARTYN hereby demands a jury trial in this case.


DATED: September 27, 2011 VOSS, COOK & THEL LLP


By: /S/ James G. Damon
James G. Damon, Esq.
Attorneys for Defendant HOWARD
W. MARTYN erroneously sued
herein as Howard W. Martyn,
individually and d/b/a All Pro Pizza

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF ORANGE             )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My Business address is 895 Dove Street, Suite 450, Newport Beach, California 92660.

    On September 27, 2011, I served the foregoing documents described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing the [ ] original [X] a true copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Thomas P. Riley , Esq.<br>Thomas P. Riley Law Office PC<br>First Library Square<br>1114 Fremont Avenue<br>South Pasadena, CA 91030-3227<br>*Attorneys for Plaintiff J & J Sports Productions Inc.* | Sean M. Swinford, Esq.<br>Joseph Ashley Gibbs, Esq.<br>Joseph A. Gibbs & Associates<br>74-900 Highway 111, Suite 222<br>Indian Wells, CA 92210<br>*Attorneys for Defendant All Pro Pizza Inc.* |

[X]  **BY MAIL**  I caused said envelope to be deposited in the U.S. Mail, as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Newport Beach, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

[ ]  **BY FACSIMILE TRANSMISSION**  I served the foregoing document on the named party by facsimile transmission pursuant to CRC 2008 at the party's facsimile number shown hereinabove.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

[ ]  **BY HAND**  I caused said envelope to be delivered by hand/messenger to the offices of the addressee.

Executed on September 27, 2011, at Newport Beach, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

/s/ Martha Padilla