James G. Damon, Esq. (SBN 115781)
VOSS, COOK & THEL LLP
895 Dove Street, Suite 450
Newport Beach, California 92660-2998
(949) 435-0225
(949) 435-0226 (Fax)
jdamon@vctlaw.com

Attorneys for Defendant Howard W. Martyn, erroneously sued herein as Howard W. Martyn, individually and d/b/a All Pro Pizza

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>HENRY R. CLARK A/K/A HENRY R. CLARK JR. AND HOWARD W. MARTYN, INDIVIDUALLY and d/b/a ALL PRO PIZZA, INC., an unknown business entity d/b/a ALL PRO PIZZA<br><br>Defendants. | CASE NO. EDCV11-0681-WDK(FMOx)<br><br>OPPOSITION OF DEFENDANT HOWARD W. MARTYN TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: November 21, 2011<br>Time: 8:30 a.m.<br>Place: Courtroom 1600<br>Judge: Honorable William D. Keller |

Defendant HOWARD W. MARTYN ("Defendant") submits his opposition ("Opposition") to Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Motion") on the grounds that Plaintiff has failed to establish that there are no questions of fact or law so that under no set of circumstances could Defendant's fourteen

-1-

DEFENDANT HOWARD W. MARTYN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES

affirmative defenses succeed. Plaintiff has also failed to establish any prejudice posed by Defendant's affirmative defenses.

## I. INTRODUCTION

Plaintiff alleges that plaintiff J&J Sports Productions, Inc. ("Plaintiff") was granted the exclusive nationwide commercial distribution rights to The Floyd Mayweather v. Shane Mosley Welterweight Championship Fight Program, telecast nationwide on Saturday, May 1, 2010 (the "Program"). Complaint ¶ 11 (Docket No. 1). Plaintiff also alleges that the defendants, including Defendant, unlawfully intercepted and exhibited the Program at their commercial establishment located at 74990 Country Club Dr., Ste. 330, Palm Desert, California. Id. at ¶ 14.

On September 27, 2011, Defendant filed and served his Answer denying the allegations in Plaintiff's Complaint. See Answer (Docket No. 10). In his Answer, Defendant included fourteen affirmative defenses. Plaintiff now brings its Motion to Strike Defendant's affirmative defenses despite Plaintiff's acknowledgment that: "this Court has declined to grant similar Motions to Strike. See, e.g., Joe Hand Promotions v. Lee, Case No. 2:10-cv-02765-WDK-E (C.D.Cal. March 4, 2011)(Docket No. 24). The Lee opinion is representative of this Court's opinions in similar cases." Motion, p.3 & fn.1. Despite knowing the Court's refusal to promote

"skirmishing with defendants in the initial stages of the case," (Lee opinion, p.2), Plaintiff continues with such skirmishes with the apparent goal of increasing attorneys' fees incurred by all parties. Such motions to strike are regarded with disfavor because they are often used as protracted litigation tactics, and because of the policy favoring resolution on the merits. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000); RDF Media Ltd. v. Fox Broadcasting Co., 372 F.Supp.2d 556, 566 (C.D.Cal. 2005); Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal. 1996).

## II. LEGAL ARGUMENT

A. **Plaintiff's *Motion* to Strike Should be Denied in its Entirety Because Plaintiff Has Failed to Demonstrate the Defenses Are Clearly Insufficient**

When ruling upon Plaintiff's Motion, the Court must view the Answer in the light more favorable to Defendant. Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D.Cal. 2000); Multimedia Patent Trust v. Microsoft Corp., 525 F.Supp.2d 1200, 1207 (S.D.Cal. 2007). While a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" (FRCP 12(f)), the allegations to be struck must fit one of specified categories. Whittlestone, Inc. v. Handi-Craft Co., 618

F.3d 970, 973-974 (9th Cir. 2010). To prevail on its motion to strike an "insufficient defense," Plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law; and that Plaintiff would be prejudiced by inclusion of the defense. E.E.O.C. v. Bay Ridge Toyota, Inc., 327 F.Supp.2d 167, 170 (E.D.N.Y. 2004). Before such a motion can be granted, "the (c)ourt must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Systems Corp. v. AT&T, 60 FRD 692, 694 (S.D.N.Y. 1973) (internal quotes omitted); SEC v. Sands, 902 F.Supp. 1149, 1165 (C.D.Cal. 1995).

A defendant need only "state in short and plain terms" its defenses. Fed.R.Civ.P. 8(b); see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.1979). A court should strike defenses only if they are clearly insufficient. See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984); accord Lunsford v. United States, 570 F.2d 221, 229-230 (8th Cir. 1977) (court should deny motion to dismiss a defense as insufficient as a matter of law if complete development of the factual record might avoid the need to decide an unresolved question of law); Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962) (court should

DEFENDANT HOWARD W. MARTYN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES

1  grant motion to strike only if the pleading has no
2  possible relation to the controversy); *Moore's Federal*
3  *Practice 3d*, § 12.37[1],[4](Rule 12(f) motions are
4  generally disfavored and motions to strike defenses
5  should be denied if sufficiency of defense depends on
6  disputed issues of fact or questions of law). See also
7  *J & J Sports Productions, Inc. v. Orellana*, 2010 WL
8  1576447 at *1 (Defendants adequately stated their
9  defenses, which included boilerplate defenses that were
10 pleaded in an abundance of caution.)
11     Given the "limited importance of pleadings in
12 federal practice," courts have held that motions to
13 strike, such as the one filed here pursuant to Federal
14 Rule of Civil Procedure 12(f), are disfavored. (See
15 e.g. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D.
16 Cal. 1996); see also *Stanbury Law Firm P.A. v. IRS*, 221
17 F.3d 1059. 1063 (8th Cir. 2000) ("motions to strike
18 under Fed. R. Civ. Proc. 12(f) are viewed with disfavor
19 and are infrequently granted.") In *RDF Media Limited v.*
20 *Fox Broadcasting*, 372 F.Supp.2d 556 (C.D.Cal. 2005),
21 the court stated "[m)otions to strike are generally
22 disfavored because of the limited importance of
23 pleadings in federal practice and because it is usually
24 used as a delaying tactic." *Id.* The central function of
25 a Rule 12(f) motion is "to avoid the expenditure of
26 time and money that must arise from litigating spurious
27 issues by dispensing with those issues prior to trial."
28

-5-

DEFENDANT HOWARD W. MARTYN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES

*Sidney-Vinstein v. A.H Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983).

Defendant's affirmative defenses have placed Plaintiff on notice of the issues that Defendant will address in this action. Defenses 1-13 have been stated in an abundance of caution. Defense 14 has been stated in short and plain terms. Plaintiff erroneously asserts that Defendant's fourteenth affirmative defense asserts a misstatement of the law. However, *Kingvision Pay-Per-View, Ltd. v. Rocca*, 181 F.Supp.2d 29 (D.N.H.2002) holds otherwise.

There are no spurious issues raised in Defendant's affirmative defenses. Plaintiff may gather information regarding Defendant's affirmative defenses through discovery, not through Plaintiff's Motion. By filing the Motion, Plaintiff has unnecessarily increased the expenditure of attorneys' time, the resulting costs to the clients and the time the Court has to divert from other matters.

Defendant's affirmative defendants were properly asserted, in good faith, and no further specificity is required at this stage in the litigation.

B. **Plaintiff's Motion to Strike Should be Denied in its Entirety Because Plaintiff Has Failed to Establish Prejudice**

Motions to strike are rarely granted in the absence of a showing of prejudice to the moving party. Where

there is any doubt as to the relevance of the challenged allegations, courts err on the side of permitting the allegations to stand, particularly where the moving party fails to establish resulting prejudice. Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F.Supp. 1072, 1073 (M.D.Fla. 1989) "Courts often require a showing of prejudice by the moving party" before granting a motion to strike affirmative defenses. California Dept. of Toxic Substances Control v. Alco Pacific, Inc. 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002) (citing SEC v. Sands, supra, 902 F.Supp. at 1166); see also Smith v. Wal-Mart Stores, 2006 U.S. Dist. LEXIS 72225, at *7 (N.D. Cal. Sept. 20, 2006) (motions to strike "are rarely granted in the absence of a showing of prejudice to the moving party.") Even "technically appropriate and well-founded Rule 12f motions" should not be granted "in the absence of a showing of prejudice to the moving party." Hernandez v. Balaldan, 2007 U.S. Dist. LEXIS 43680, at *3 (E.D.Cal. June 1, 2007) (holding that while plaintiff's motion appeared legally correct, it was also "unnecessary formalism" and "wasting the time and resources of the parties and the Court.")

Moreover, when the action is in the early pretrial phase and discovery is not yet complete, there is no prejudice to the plaintiff because the gravamen of any affirmative defenses may be fleshed out through

discovery and other pretrial proceedings. See *Jadwin v. County of Kern*, 2007 WL 4463282. at * 1 (E.D.Cal. Dec. 17, 2007)("Plaintiff's contention that the Fifth Affirmative Defense does not provide him with fair notice in sufficient particularity of the gravamen of the defense is unpersuasive and ... can be fleshed out through discovery and other pretrial proceedings.")

Here, Plaintiff fails to establish that it will suffer prejudice through the inclusion of any of Defendant's challenged affirmative defenses since having to conduct basic discovery does not rise to the level of prejudice. Furthermore, given that Plaintiff has apparently filed hundreds of similar cases nationwide, Plaintiff has ample notice of the nature of Defendants' affirmative defenses. Moreover, through discovery, Plaintiff will have a full opportunity to inquire about the details of Defendant's affirmative defenses. Defendants' affirmative defenses, as currently pled, do not prejudice Plaintiff in any manner. Rather, Plaintiff's Motion to Strike and request for sanctions is nothing more than a vexatious tactic that ties up the time and resources of Defendant, defense counsel and this Court. Accordingly, Plaintiff's Motion to Strike should be denied in its entirety.

To the extent the Court is inclined to grant any part of Plaintiff's Motion to Strike, Defendant

-8-

respectfully requests leave to amend his Answer. (See e.g., Rhoades v. Powell, 644 F.Supp. 645, 667 (E.D. Cal. 1986); Qarbon.com Inc. v. eHelp Corp. (N.D.Cal. 2004) 315 F.Supp.2d 1046, 1049-1050.

### III. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety. To the extent the Court is inclined to grant any part of Plaintiff's Motion, Defendant requests leave to amend.

DATED: October 28, 2011       VOSS, COOK & THEL LLP

By: /S/ James G. Damon
James G. Damon, Esq.
Attorneys for Defendant HOWARD W. MARTYN erroneously sued herein as Howard W. Martyn, individually and d/b/a All Pro Pizza

DEFENDANT HOWARD W. MARTYN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My Business address is 895 Dove Street, Suite 450, Newport Beach, California 92660.

On October 28, 2011, I served the foregoing documents described as: **OPPOSITION OF DEFENDANT HOWARD W. MARTYN TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing the [ ] original [X] a true copy thereof enclosed in a sealed envelope, addressed as follows:

| Thomas P. Riley, Esq.<br>Thomas P. Riley Law Office PC<br>First Library Square<br>1114 Fremont Avenue<br>South Pasadena, CA 91030-3227<br>*Attorneys for Plaintiff J & J Sports Productions Inc.* | Sean M. Swinford, Esq.<br>Joseph Ashley Gibbs, Esq.<br>Joseph A. Gibbs & Associates<br>74-900 Highway 111, Suite 222<br>Indian Wells, CA 92210<br>*Attorneys for Defendant All Pro Pizza Inc.* |
|---|---|

[X] **BY MAIL** I caused said envelope to be deposited in the U.S. Mail, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Newport Beach, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

[ ] **BY FACSIMILE TRANSMISSION** I served the foregoing document on the named party by facsimile transmission pursuant to CRC 2008 at the party's facsimile number shown hereinabove. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

-10-

[ ]   **BY HAND**  I caused said envelope to be delivered by hand/messenger to the offices of the addressee.

Executed on October 28, 2011, at Newport Beach, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

/s/ Jeanne Thompson

DEFENDANT HOWARD W. MARTYN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES