UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-681 WDK (FMOx) | Date | November 21, 2011 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. HENRY CLARK, ET AL. | | |

| Present: The Honorable | William D. Keller, United States District Court Judge |
|---|---|

| Patricia Gomez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS): PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (#16)**

## I.   INTRODUCTION

On April 29, 2011, plaintiff J & J Sports Productions, Inc. filed suit against defendants Henry Clark, Howard Martyn, and All Pro Pizza, Inc. On August 3, 2011, defendant Howard Martyn filed an answer.

Before the Court is plaintiff's motion to strike defendant's affirmative defenses, filed October 17, 2011. The Court has considered the papers filed in support of the motion, and deems this matter appropriate for resolution without oral argument. *See* L.R. 7-15.

## II.   DISCUSSION

Plaintiff requests that the Court strike defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). Mot. at 5-15. Rule 12(f) authorizes the Court to strike from a pleading all allegations that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). "Because striking a portion of a pleading is a drastic remedy," motions to strike are rarely granted by courts. *See* 5C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2010). Such motions will usually be denied unless the moving party demonstrates that "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-681 WDK (FMOx) | Date | November 21, 2011 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. HENRY CLARK, ET AL. | | |

the moving party." *Id.; see also Triquint Semiconductor, Inc. v. Avago Tech. Ltd.*, 2010 WL 3034880, *3 (D. Ariz. 2010). The moving party must bring a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Practically speaking, the focus of these cases is settlement. It is not skirmishing with defendant in the initial stages of the case. As such, absent real "prejudice," this type of litigation will not be entertained by the Court until such time as there has been a failure of resolution.

## III.  CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to strike defendant's affirmative defenses.

IT IS SO ORDERED.

                                                                              :

Initials of Preparer    PG